**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: MARY MARGARET CUNNINGHAM,<br><br>Debtor.<br><br>————————————————<br><br>MARY MARGARET CUNNINGHAM,<br><br>Appellant,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, Putative Assigness of FDIC as Receiver for Washington Mutual Bank its assignees and/or successors in interest J.P. Morgan Subsidiary; et al.,<br><br>Appellees. | No. 14-56763<br><br>D.C. No. 8:14-cv-00652-JFW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted September 27, 2016[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:      TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Chapter 7 debtor Mary Margaret Cunningham appeals pro se from the district court's orders affirming the bankruptcy court's orders dismissing Cunningham's adversary proceeding without leave to amend and denying Cunningham's motion for reconsideration. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo a district court's decision on appeal from a bankruptcy court, applying the same standard of review the district court applied to the bankruptcy court's decision. *In re Tucson Estates, Inc.*, 912 F.3d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court properly dismissed Cunningham's adversary proceeding because Cunningham lacks standing to pursue claims that are property of the bankruptcy estate. *See Canatella v. Towers (In re Alcala)*, 918 F.2d 99, 102 (9th Cir. 1990) (causes of action which accrued before a Chapter 7 petition is filed are part of the estate vested in the trustee); *see also* 11 U.S.C. § 554(d) ("[P]roperty of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); *Estate of Spirtos v. One San Bernardino Cty. Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) (bankruptcy code endows bankruptcy trustee with exclusive right to sue on behalf of estate).

The bankruptcy court did not abuse its discretion in denying Cunningham leave to amend her complaint because her lack of standing could not be cured by amendment. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522 (9th Cir. 2008) ("[T]he court need not extend the general rule that parties are allowed to amend their pleadings if amendment would be an exercise in futility" (citations and internal quotation marks omitted)).

The bankruptcy court did not abuse its discretion in denying Cunningham's motion under Rule 59(e) because Cunningham failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 9023 (making Fed. R. Civ. P. 59 applicable to bankruptcy cases); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (discussing factors for granting a motion for reconsideration under Fed. R. Civ. P. 59(e)).

We reject as without merit Cunningham's contentions that the bankruptcy court exhibited bias and violated due process.

**AFFIRMED**.